IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HIGHPOINT RISK SERVICES, LLC,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| v. | § | Civil Action No. 3:14-cv-3398-L |
| | § | |
| **COMPANION PROPERTY & CASUALTY INSURANCE COMPANY,** | § § | |
| | § | |
| **DEFENDANT.** | § | |

**DEFENDANT'S MOTION TO DISMISS
AND BRIEF IN SUPPORT**

Defendant Companion Property and Casualty Insurance Company[1] files this Motion to Dismiss and Brief in Support seeking dismissal of the Complaint (which is entitled "Plaintiff's Original Petition") pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I. INTRODUCTION**

1.  Plaintiff Highpoint Risk Services, LLC ("Highpoint'), is a self-described "licensed insurance agency" that "solicits business as an agent for insurers." Complaint, ¶ 9. Defendant Companion Property and Casualty Insurance Company ("Companion") is an insurer that offers a wide variety of insurance products, including workers' compensation and employer's liability insurance. *Id.*, ¶ 6. The Complaint is silent regarding any contractual relationship between Companion and Highpoint. Nevertheless, Highpoint alleges it funded the purported payment of unidentified insurance claims as Companion's agent. Highpoint does not allege that it was licensed to adjust insurance claims, that it was employed or engaged by Companion to adjust insurance claims, or that it was employed or engaged by Companion to fund the payment of insurance claims. Highpoint's allegation that it acted "as Companion's agent" for purposes of

---

[1] Plaintiff's Original Petition erroneously identifies Defendant as "Companion Property & Casualty Insurance Company."

funding an account for payment of insurance claims is an unsupported legal conclusion, masquerading as fact.[2]

2.     Anchored by this unsupported legal conclusion, Highpoint asserts five "counts" against Companion, each assuming the existence of a principal-agent relationship for the funding of an account to pay insurance claims: Assumpsit (Count One), Common Law Indemnification (Count Two), Equitable Subrogation (Count Three), Breach of Implied Contract (Count Four), and Attorneys' Fees (Count Five).  Because the Complaint lacks the requisite factual support, these Counts lack the plausibility necessary to survive a Rule 12(b)(6) challenge and must be dismissed.

## II.  LEGAL STANDARD

3.     Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ("[A] complaint . . . must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level.") (internal quotation marks and citations omitted).  If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted."  FED. R. CIV. P. 12(b)(6).

4.     To avoid Rule 12(b)(6) dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] As discussed below, Highpoint does allege that it was Companion's agent for purposes of selling, underwriting, and issuing insurance policies, but those functions are entirely unrelated to the funding of claim payments.

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (*citing Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the compliant has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (*quoting* FED. R. CIV. P. 8(a)).

5. While legal conclusions can provide "the framework" for a complaint, they must be supported by meaningful factual allegations. *Iqbal*, 556 U.S. at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79; *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) ("[W]e will not strain to find inferences favorable to the plaintiffs and we will not accept conclusory allegations, unwarranted deductions, or legal conclusions.") (internal quotation marks and citation omitted). In short, conclusory statements made to look like factual claims are insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s],' devoid of 'further factual enhancement'").

### III.  ARGUMENTS

**A.  Elements Of Plaintiff's Claims.[3]**

6. <u>Count One—Assumpsit</u>.  To recover under the theory of assumpsit, Highpoint must first plead facts that show it (a) paid money, (2) for the use and benefit of Companion, and (3) Companion's use and retention of the benefit without repayment would be against the fundamental principles of justice and equity. *Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 49 (Tex. 2008).

---

[3] Companion does not concede that Texas law applies.  However, to the extent Highpoint purports to assert Texas common law claims, it fails to satisfy the pleading requirements for those claims.

7. <u>Count Two—Common Law Indemnification.</u>  Texas has essentially abolished common law indemnity.[4]  Nevertheless, under general principal/agent law, "a principal is bound to indemnify his agent for loss resulting proximately from the good faith execution of the agency."  O*ats v. Dublin Nat'l Bank*, 127 Tex. 2, 90 S.W.2d 824, 829 (Tex. 1936); *see also*, *First Nat'l Bank v. H. Hentz & Co.*, 498 S.W.2d 478, 482 (Tex. Civ. App.—Waco 1973, no writ) ("agent entitled to reimbursement from his principal for the amount of expenditures or losses resulting proximately or necessarily from the good faith execution of the principal's contract").  Accordingly, to recover under this theory of indemnity, Highpoint must first plead facts that show, among other things, (a) it was Companion's agent, and (b) it was acting within the necessary scope of that agency.

8. <u>Count Three—Equitable Subrogation.</u>  Equitable subrogation applies when "one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter."  *Frymire Eng'g Co. ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd.*, 259 S.W.3d 140, 142 (Tex. 2008).  Accordingly, to recover under the theory of equitable subrogation, Highpoint must first plead facts that show "it involuntarily paid a debt primarily owed by [Companion] in a situation that favors equitable relief."  *Id.*

9. <u>Count Four—Breach of Implied Contract.</u>  The only meaningful difference between express contracts and those implied in fact is in the character and manner of proof required to establish them.  *Haws & Garrett General Contractors, Inc. v. Gorbet Brothers Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972).  As a threshold matter, a plaintiff must establish an enforceable contract, including (a) an offer, (b) acceptance, and (c) mutual assent.  *2001 Trinity Fund, LLC v. Carrizo Oil & Gas, Inc.*, 393 S.W.3d 442, 449 (Tex. App.—Houston [14th

---

[4] *Aviation Office of America, Inc. v. Alexander & Alexander of Texas, Inc.*, 751 S.W.2d 179, 180 (Tex. 1988).  "The only remaining vestiges of common law indemnity involve purely vicarious liability or the innocent product retailer situation." *Id.* (citing *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819–20 (Tex.1984)).  *See also, Interstate Contracting Corp. v. City of Dallas, Texas*, No. 3:98-CV-2913-M, 2000 WL 1281198, at *4 and n.7 (N.D. Tex. Sept. 8, 2000), *rev'd on other grounds,* 407 F.3d 708 (5th Cir. 2005) (common law indemnity essentially abolished in Texas).

Dist.] 2012, pet. denied); *see also Excess Underwriters at Lloyd's, London*, 246 S.W.3d at 49 ("a meeting of the minds is an essential element of an implied-in-fact contract") (*quoting Tex. Ass'n of Counties County Gov't Risk Mgmt. Pool v. Matagorda County*, 52 S.W.3d 128, 135 (Tex. 2000)). However, the element of mutual assent, "in the case of an implied contract, is inferred from the circumstances." *Id.* Therefore, to recover under the theory of breach of implied contract, Highpoint must first plead particular facts and circumstances from which the law will imply an agreement.

10. <u>Count Five—Attorneys' Fees.</u>  Highpoint's claim for attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code is not a standalone cause of action. Rather, to recover attorneys' fees under Chapter 38, a party must plead and "prevail on a cause of action for which attorney's fees are recoverable." *Green Int'l v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Further, as to Highpoint's claim that it is entitled to attorneys' fees as indemnity, Highpoint must first plead facts that show (a) it was Companion's agent for the purpose of funding claims payments, and (b) it was acting within the necessary scope of that agency when it incurred the subject liabilities. *See* discussion in ¶ 7, *supra*.

**B.   Plaintiff's Claims Are Not Plausible Because They Are Based On A Legal Conclusion And Are Not Supported By Proper Factual Allegations.**

11. Highpoint alleges no facts to establish that Companion authorized it to fund the payment of insurance claims.[5] Rather, it asserts only that it purportedly did so as Companion's agent. *See, e.g.*, Complaint, ¶¶ 23, 25, 35, 41, 47, 54, and 60.

12. It is well established that "Texas law does not presume agency, and the party who alleges it has the burden of proving it." *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 597 (Tex. 2007). To establish agency, the plaintiff must establish that "the principal has both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by

---

[5] The Complaint lacks any factual allegations that Highpoint had any agreement, understanding, or basis connected to Companion, for allegedly funding insurance claims.

which the agent will accomplish the task." *Happy Indus. Corp. v. Am. Specialities, Inc.,* 983 S.W.2d 844, 852 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.).  An agent's authority is limited to those acts that are "incident to the management of the particular business with which the agent is entrusted."  *Wheaton Van Lines, Inc. v. Mason*, 925 S.W.2d 722, 731 (Tex. App.—Fort Worth 1996, writ denied).

13. The facts alleged in the Complaint, if taken as true, at best support an inference that Highpoint acted as a producing agent for the purpose of selling, issuing, and/or underwriting certain Companion insurance policies. *See, e.g.*, Complaint, Heading "A" ("Highpoint Issues 'PayGo' Workers' Compensation Policies For Companion"), ¶ 9 ("Highpoint is a licensed insurance agency" and "Highpoint solicits business as an agent"), ¶ 10 ("Highpoint issued . . . policies on Companion's 'paper' or policy form"), ¶ 17 (provision in third party agreement referencing "insurance underwritten and produced by HighPoint Risk Services Insurance Agency").[6]  The facts pleaded do not allege that Companion engaged or authorized Highpoint to adjust insurance claims or to fund insurance claim payments.  In contrast, Highpoint affirmatively pleads that Aspen Administrators, Inc. ("Aspen") acted as a third party administrator ("TPA") to process, manage, and pay claims for Companion. Complaint, ¶ 23. Highpoint similarly pleads that Aspen handled claim intake, processing, adjustment, and payment of claims.[7]  Complaint, ¶ 24-25.

14. Highpoint does not allege facts to support its legal conclusion that it was acting within the scope of any principal-agent relationship that relates to the administration and payment of any insurance claims for Companion.  This purposeful omission is understandable considering that the Texas Insurance Code expressly mandates that an "administrator [TPA] may provide services <u>only under a written agreement with an insurer</u> or plan sponsor." TEX. INS.

---

[6] Notably, the Complaint contains no facts concerning any relationship between Plaintiff Highpoint Risk Services LLC and HighPoint Risk Services Insurance Agency.

[7] Aspen is conspicuously absent as a party to the Complaint.  Should the Complaint survive the instant motion to dismiss, Companion will move to require Aspen's joinder as a necessary party-Plaintiff.

CODE ANN., § 4151.101(a) (emphasis added).[8]  Again, Highpoint does not allege actual facts that would create any contractual relationship with Companion.

15.   Similarly, the Texas Insurance Code mandates that, subject to inapplicable exceptions, "a person may not act as or represent that the person is an adjuster in this state unless the person holds a license under this chapter."  TEX. INS. CODE ANN., § 4101.051.[9]  The Complaint lacks any factual allegation that Highpoint was appropriately licensed (in Texas or any other state) or that Highpoint adjusted Companion claims.

16.   Highpoint expressly pleads that during the relevant period, the purported claims at issue were 100% re-insured by Redwood Reinsurance SPC, Ltd. ("Redwood") and that Redwood, not Companion, bore the liability for any claim payment.  *See,* Complaint, ¶¶ 15-17.  Based on the facts pleaded, it is equally possible that any funds allegedly advanced by Highpoint to Aspen were the result of an existing relationship with Aspen and/or Redwood, and were for the benefit of Aspen and/or Redwood, not Companion.  Where a plaintiff's contentions are just as consistent with a lack of liability as they are with liability, the plaintiff has failed to state a claim.  *See, e.g.*, *Iqbal*, 556 U.S. at 680 (facts alleged have not "nudged [the] claims . . . across the line from conceivable to plausible") (internal quotations and citations omitted).

---

[8] An "administrator" is defined, in relevant part, as "a person who, in connection with annuities or life benefits, health benefits, accident benefits, pharmacy benefits, or workers' compensation benefits, collects premiums or contributions from or adjusts or settles claims for residents of this state." TEX. INS. CODE ANN., § 4151.001(1).

[9] An "adjuster" is defined, in relevant part, as "a person who:

(A) investigates or adjusts losses on behalf of an insurer as an independent contractor or as an employee of:
   . . .
   (iv) an independent contractor;
   (v) an insurer; or
   (vi) a managing general agent;
. . . ; or
(C) investigates, adjusts, supervises the handling of, or settles workers' compensation claims, including claims arising from services provided through a certified workers' compensation health care network as authorized under Chapter 1305, on behalf of an administrator, as defined by Chapter 4151, or on behalf of an insurance carrier, as defined by Section 401.011, Labor Code.

TEX. INS. CODE ANN., § 4151.001(1).

### III.  CONCLUSION

17. To survive a Rule 12(b)(6) challenge, Highpoint must have pleaded (a) facts establishing an agency relationship with Companion for the purpose of funding claims payments and (b) facts showing the alleged claim payments were within the scope of that particular agency relationship.  Highpoint failed to do either.  Instead, Highpoint asserted the mere legal conclusion that it acted "as Companion's agent."  Complaint, ¶¶ 23, 25, 35, 41, 47, 54, and 60.

18. For the foregoing reasons, Counts One (Assumpsit), Two (Common Law Indemnification), Three (Equitable Subrogation), Four (Breach of Implied Contract), and Five (Attorneys' Fees) must be dismissed for failure to state a plausible claim.

### PRAYER

WHEREFORE, Defendant Companion Property and Casualty Insurance Company respectfully requests that this Court dismiss Plaintiff's Original Petition, with prejudice and at Plaintiff's cost.

**Dated:  September 26, 2014.**

Respectfully submitted,

 /s/ John L. Thompson
D. Ronald Reneker, Attorney in Charge
Texas Bar No. 16770000
rreneker@munsch.com
John L. Thompson
Texas Bar No. 90001820
jthompson@munsch.com

**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 3800
Dallas, Texas  75201-6659
Tel:  (214) 855-7500
Fax: (214) 855-7584

**ATTORNEYS FOR DEFENDANT
COMPANION PROPERTY AND
CASUALTY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by means of CM/ECF E-SERVICE this 26th day of September, 2014.

                    /s/ John L. Thompson
                    John L. Thompson